PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ENRIQUE VELA AND CELESTINO MARTÍNEZ, Defendants and Appellants.

No. 4072. Argued March 5, 1930.—Decided March 27, 1930.

*R. Cuevas Zequeira* and *H. B. Llenza,* for appellants. *R. A. Gómez,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Enrique Vela and Celestino Martínez have appealed from

a judgment of conviction whereby each of them was sentenced to pay a fine of $30.

The witness Quintín Santana testified, without objection, at the trial that on the day mentioned in the complaint he saw Celestino Martínez in the milk-stand of Enrique Vela, and that Martínez told him that it belonged to Enrique Vela; and the other witness, Luis Lebrón, testified that he was in the milk-stand belonging to Enrique Vela, according to the statements in the license. On being recalled to the witness stand by the prosecuting attorney, Quintín Santana was asked why he had stated that the milk-stand belonged to Enrique Vela, and he answered because he saw hanging on the wall the license to the milk-stand, issued in the name of Enrique Vela and signed by the medical inspector of the district, Dr. Silva. The defense moved that this testimony be stricken out on the ground that the witness could not properly testify as to the signature on the license, unless certain previous formalities were complied with in order to identify the signature; but the court overruled the objection of the defendant. When the witness stated that the document was an official license, counsel for the defendants moved that the answer be stricken out because the contents of a certificate were involved and the document should be offered in its entirety. The court, however, permitted the answer to stand.

Enrique Vela testified in his own behalf and stated that he was not present when the samples of milk were taken; that he works as a municipal employee; that he does not attend personally to the said milk-stand; that Celestino Martínez notified him that the sample of the milk taken by the Health Department was adulterated, and that he immediately took other samples to a chemist.

The appellants have assigned as error the admission in evidence of the testimony of the witness Quintín Santana as to the ownership of the milk-stand by Enrique Vela, deduced from the witness's having seen the license on the wall, and they urge that the best evidence was the original license is-

sued and, in the absence thereof, a copy of the same. Granting that this error has been properly assigned, the fact remains that there was no prejudicial error involved, since apart from the circumstance that the appellants themselves suffered two witnesses to testify, without objection, earlier at the trial that the milk-stand belonged to Enrique Vela and that they had seen his license there, such testimony, together with the statements of Enrique Vela at the trial, show that the milk-stand belonged to him.

It is urged as a second ground of appeal that the appellants were not given an opportunity to have an expert appointed by them, make an analysis of the milk alleged to have been adulterated.

On May 14, 1929, a sample of the milk was taken and a portion thereof was left in the possession of the defendants in a bottle, which was tightly corked, and sealed with sealing-wax. The analysis of the milk made by the government chemist was finished on the 28th of the same month and two or three days later—on May 30 or 31—the result was notified to the defendant, Martínez, who on the same day informed Enrique Vela. On June 5, the latter went to chemist Pesquera and asked him to analyze the sample which had been left at the milk-stand, but this analysis could not be made because the milk was already sour; and, according to Mr. Pesquera and the government chemist, such an analysis can not be made after 21 days have elapsed since the taking of the sample. In these circumstances, the appellants have no right to complain of not having had an opportunity to cause an analysis to be made by a chemist of their choice, since on May 31 they still had four days within which to make the analysis of the sample in their possession, and it was their own fault that they did not apply to Mr. Pesquera until June 5, when the period within which the analysis could have been made had elapsed.

For the foregoing reasons the judgment appealed from must be affirmed.